

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 20, 1972

Honorable W. T. McDonald, Jr.
County Attorney
Brazos County Courthouse
Bryan, Texas    77801

Opinion No.   M-1267

RE:   The effect of Articles
6869.1 and 4413(29aa)
§ 2A, Vernon's Civil
Statutes upon Article
484 of the Texas Penal
Code, and the duration
of reserve deputy con-
stable appointments.

Dear Mr. McDonald:

You have requested the opinion of this office in regard to
the two questions as follows:

"The question presented is whether the
enactment of Article 6869.1 and Article 4413
(29aa), Sec. 2A(a), by the 62nd Legislature
repealed Article 484, Vernon's Texas Penal
Code, or did the legislature intend for the
old statute (Article 484) to remain in opera-
tion, and therefore require a deputy constable
to comply with both Article 6869.1 and Article
484, in order to carry a weapon and act as a
peace officer.

The second question presented is for what
period of time does the authority by the Commis-
sioner's Court extend, ie:  (1)  annually, (2)
during the term of office of the constable, or
(3)  until the Commissioner's Court rescinds
their authority (assuming the Court does have
the authority to rescind)?"

Article 6869.1 reads as follows:

"Section 1.  (a)  The Commissioners Court
of any county in the State may authorize the

-6215-

sheriff of the county to appoint reserve deputy sheriffs, or any constable of the county to appoint reserve deputy constables, who shall be subject to serve as peace officers during the actual discharge of their official duties upon call of the sheriff, in the case of deputy sheriffs, or of the constable, in the case of deputy constables.

(b)   The Commissioners Court may limit the number of reserve deputy sheriffs or reserve deputy constables who may be appointed.

(c)   Such reserve deputy sheriffs shall serve at the discretion of the sheriff and may be called into service at any time the sheriff considers it necessary to have additional officers to preserve the peace and enforce the law; and such reserve deputy constables shall serve at the discretion of the constable and may be called into service at any time the constable considers it necessary to have additional officers to preserve the peace and enforce the law.

(d)   Such reserve deputy sheriffs and deputy constables shall serve without pay but the Commissioners Court may provide compensation for the purchase of uniforms and/or equipment used by such individuals.

(e)   Such reserve deputy sheriffs and deputy constables, prior to their entry upon duty and simultaneously with their appointments, shall file an oath and bond in the amount of Two Thousand Dollars ($2,000), payable to the sheriff, in the case of reserve deputy sheriffs, and payable to the constable, in the case of reserve deputy constables, and filed with the county clerk of the county in which said appointment is made.

(f)   Such reserve deputy sheriffs, while on active duty at the call of the sheriff and while actively engaged in their assigned duties; and reserve deputy constables, while on active duty at the call of the constable and while actively

engaged in their assigned duties, shall be vested with the same rights, privileges, obligations and duties of any other peace officer of the State of Texas.

Sec. 2. The county and/or the sheriff or constable shall not incur any liability by reason of the appointment of any such reserve deputy sheriff or deputy constable who incurs any personal injury while serving in such capacity."

Section 2A of Article 4413 (29aa) reads as follows:

(a) The Commission on Law Enforcement Officer Standards and Education shall establish minimum training standards for all reserve law enforcement officers which must be fulfilled before a person appointed as a reserve law enforcement officer may carry a weapon or otherwise act as a peace officer.

(b) The Commission shall establish minimum physical, mental, educational, and moral standards for all reserve law enforcement officers."

Article 483 of the Texas Penal Code provides the penalty for one unlawfully carrying arms. Article 484 of the Penal Code exempts certain people from Article 483. The pertinent portions of Article 484 read as follows:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, . . . nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment;. . ."

The provision that Article 483 shall not apply

". . . to any deputy constable. . . who receives a compensation of $40.00 or more per month for his services as such officer, and

> who is appointed in conformity with the
> statute authorizing such appointment. . ."

refers only to deputy constables appointed pursuant to Articles 6879 and 6879a, Vernon's Civil Statutes, but it does not apply to a reserve deputy constable appointed pursuant to Article 6869.1, Vernon's Civil Statutes.  Section 1(d) of Article 6869.1 provides that such reserve deputy constables "shall serve without pay." No such restriction applies to a deputy constable appointed pursuant to Articles 6879 and 6879a.

When a reserve deputy constable has fulfilled the requirements set forth in Section 2A (a) of Article 4413 (29aa), Vernon's Civil Statutes, such

> "reserve law enforcement officer may
> carry a weapon or otherwise act as a peace
> officer" as authorized in that Article.

Further that part of Section 1(f) of Article 6869.1 relating to reserve deputy constables provides that

> ". . . reserve deputy constables, while
> on active duty at the call of the constable
> and while actively engaged in their assigned
> duties, shall be vested with the same rights,
> privileges, obligations and duties of any
> other peace officer of the State of Texas."

Therefore, a reserve deputy constable while on active duty comes within Article 484 of the Texas Penal Code which provides that Article 483 shall not apply

> "to any peace officer in the actual dis-
> charge of his official duty. . ."

In response to your second question concerning the duration of the appointment, the Commissioner's Court may authorize the appointment which will run for the duration of the constable's tenure of office or such time the Commissioner's Court may direct. Pursuant to Section 1(b) of Article 6869.1, the Commissioner's Court may limit the number of reserve deputy constables authorized to be appointed.  Once the Commissioner's Court has authorized such appointments, the constable makes the actual appointment of the reserve deputy constables.  The Commissioner's Court does not have the power to remove a person so appointed.  See Attorney

General of Texas Opinion O-7081 (1946). As to the individual appointee, Article 6869.1 confers upon the constable the power to make the appointment, but it fixes no definite term of office. Section 1(c) of that Article provides

". . .such reserve deputy constables shall serve at the discretion of the constable. . ."

and as such, both the appointment and tenure are discretionary with the constable, the tenure being subject to the space of time authorized by the Commissioner's Court. Since this power and authority is given by statute, it cannot be contracted away so as to bind the constable to retain his reserve deputy in such a position for any fixed period. See Murray v. Harris, 112 S.W.2d 1091 (Tex.Civ.App. 1938, error dism.). Therefore, a reserve deputy constable is appointed for no certain time. He serves at the pleasure of the constable and within the period of time authorized by the Commissioner's Court.

## S U M M A R Y

Article 484 of the Texas Penal Code was not repealed by the enactment of Articles 6869.1 and 4413 (29aa) §2A, Vernon's Civil Statutes, which provide for the appointment and qualifications of reserve deputy constables. The appointment of deputy constables is governed by the provisions of Articles 6879, 6879a and 4413 (29aa) §2.

Reserve deputy constables are appointed for no certain time but they serve without pay at the pleasure of the constable and within the period of time authorized by the Commissioner's Court.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Thomas M. Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Ben Harrison
Bob Lattimore
David Longoria

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant